UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRONE FERGUSON, SR,

        Plaintiff,

v.                                         Case No. 17-cv-198-pp

NISSEN STAFFING CONTINUUM, INC., and
BUYSEASONS,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED
*IN FORMA PAUPERIS* (DKT. NO. 2) AND SCREENING COMPLAINT**

The plaintiff, who is proceeding without a lawyer, filed this complaint on February 14, 2017. Dkt. No. 1. Along with the complaint, the plaintiff filed two notice of right to sue letters from the EEOC dated December 13, 2016, and a motion asking the court to allow him to proceed without paying the filing fee. Dkt. No. 2. The court will grant the plaintiff's motion to proceed *in forma pauperis* and will allow his claims to proceed.

**I.    SCREENING OF THE PLAINTIFF'S COMPLAINT**

The court may allow a litigant to proceed without prepayment of the filing fees if two conditions are met: (1) the litigant is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

In his request to proceed without paying the filing fee, the plaintiff states that he has a job, that he is not married, and that he financially supports one minor dependent. Dkt. No. 2, at 1. He receives $2,240 per month in income from his employer Veolia. Id. at 2. He owns a car that he values at $4,500. Id. at 3. He lists no additional property or assets. The plaintiff states that his total monthly expenses include $615 in rent, $200 in child support, and $1,680 in other household expenses. Id. Based on the information contained in the plaintiff's application, the court concludes that the plaintiff is unable to pay the filing fees and costs associated with this action, so the plaintiff has met the financial requirements of Section 1915(a).

Section 1915(e)(2)(B) requires a court to dismiss a case at any time if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Thus, district courts "screen" complaints filed by self-represented plaintiffs who request relief from the filing fee, to determine whether they must dismiss complaints under these standards.

A complaint is frivolous, for purposes of §1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The court may dismiss a case as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." Id. at 32 (quoting Neitzke, 490 U.S. at 327). The standards for deciding whether to

dismiss a case for failure to state a claim under §1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000). To survive dismissal, the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." DeWalt, 224 F.3d at 612. The court must liberally construe a *pro se* plaintiff's allegations, no matter how "inartfully pleaded." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Construing the complaint liberally, the court finds that the plaintiff's complaint contains sufficient factual allegations to state employment discrimination claims against both defendants on the basis of race and age under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 *et seq.* See Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998) (to state a race discrimination claim, "'I was turned down for a job because of my race' is all a complaint has to say."). For that reason, the court finds that the complaint is not frivolous, and will grant the plaintiff's motion to proceed *in forma pauperis*.

## II. CONCLUSION

The court **GRANTS** the plaintiff's motion to proceed *in forma pauperis*. The court **ORDERS** that, pursuant to 28 U.S.C. §1915(d) and Federal Rule of Civil Procedure 4, the United States Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order on defendants Nissan Staffing Continuum, Inc. and Buyseasons. Even though the court has permitted the plaintiff to proceed *in forma pauperis* in this case, the plaintiff remains responsible for the cost of serving the complaint on the defendants. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. §1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule appears in Revision to United States Marshals Service Fees for Services. See 28 C.F.R. §0.114(a)(2) and (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for either the court or by the U.S. Marshals Service to waive this cost.

Dated in Milwaukee, Wisconsin this 23rd day of February, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge